IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
      v.                      )      CV NO. 2:03cv1125-D
                              )            WO
IVORY THOMAS                  )

**ORDER ON MOTION**

On April 15, 2005, movant Ivory Thomas, through counsel, filed a motion for leave

to amend his 28 U.S.C. § 2255 motion[1] to assert claims based on *Blakely v. Washington*, ___

U.S. ___, 124 S.Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738

(2005).  (Doc. 17.)

On July 18, 2001, a jury found Thomas guilty of conspiracy to possess with intent to

distribute cocaine, cocaine base, and marijuana and possession with intent to distribute

cocaine.  On December 17, 2001, the district court sentenced Thomas to 78 months'

imprisonment on each count of conviction.  Thomas appealed to the Eleventh Circuit Court

of Appeals, and on November 15, 2002, that court affirmed his convictions.  Thomas did not

file a petition for a writ of certiorari in the United States Supreme Court.  Thus, his

convictions became final on February 13, 2003 – 90 days after entry of the appellate court's

judgment affirming those convictions.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338

(11th Cir. 2002) (when defendant does not file a petition for certiorari with the United States

Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon

---

[1]Thomas filed his § 2255 motion in this court on November 6, 2003.

expiration of the 90-day period for seeking certiorari review).

Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires."  Nevertheless, a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted).  In *In re Dean*, 375 F.3d 1287 (11th Cir. 2004), and *In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005), the court held that *Blakely* and *Booker* are not to be applied retroactively to cases that become final before those cases were decided.  Thus, Thomas's amendment is futile as a matter of law.  Accordingly, it is

ORDERED that the motion for leave to amend be and is hereby DENIED.

Done this 18th day of April, 2005.

          /s/Charles S. Coody                          
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE